IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 312-003-21 |
| | * | |
| CHAD MITCHELL | * | |

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Chad Walker has filed such a motion. The Court need not await the response of the Government because the motion must be denied.

The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The

existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Defendant has not presented argument or evidence that he can meet this standard; he only indicates that he suffers from hypertension. Defendant is concerned about the impact that COVID-19 may have on him if he were to contract it.

The CDC lists hypertension or high blood pressure as a condition that "might" place a person with COVID-19 "at an

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

increased risk for severe illness." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on September 11, 2020). However, at this point, the Court cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself. Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. He has not done so.

Upon the foregoing, Defendant Chad Mitchell's motion for compassionate release (doc. no. 952) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE